UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSICA M. FROST,

                      Plaintiff,

     -vs-                      **No. 1:14-CV-00965 (MAT)**
                                        **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Jessica M. Frost ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "defendant") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion denied and the Commissioner's motion is granted.

## II. Procedural History

Plaintiff filed an application for DIB on September 30, 2013, which was denied. Administrative Transcript ("T.") 101-104. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") Timothy M. McGuan on March 24, 2014. T. 32-50. In a decision dated May 13, 2014, ALJ McGuan found that plaintiff was

not disabled as defined in the Act and denied her claim. T. 16-31. On September 18, 2014, the Appeals Council issued an order denying plaintiff's request for review, thereby rendering ALJ McGuan's decision the Commissioner's final determination. T. 9-11. Plaintiff subsequently filed this action.

**III. The ALJ's Decision**

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2016. T. 18. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since July 6, 2012, the alleged onset date. *Id.* At step two, the ALJ found that plaintiff suffered from the severe impairments of post-traumatic stress disorder ("PTSD"); major depressive disorder, recurrent, mild to moderate; and alcohol, cocaine, and cannabis abuse/dependence. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 19-20.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform "a full range of work at all exertional levels but with the following nonexertional limitations: can occasionally interact with the public; can occasionally understand, remember, and carry out complex and detailed tasks; and can be in an office environment. T. 20. At step four, the ALJ found that plaintiff

2

was unable to perform any past relevant work. T. 27. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. *Id*. Accordingly, the ALJ found plaintiff not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

**A.     Internal Consistency of the ALJ's Decision**

Plaintiff first argues that the ALJ's RFC determination was unsupported by substantial evidence because it conflicted with his own factual findings. Specifically, plaintiff contends that (1) the ALJ's conclusion that plaintiff had "moderate" limitations in social functioning and concentration, persistence, and pace is not reflected in the RFC, and (2) the ALJ's finding that plaintiff was generally credible is inconsistent with his failure to include her claimed inability to work around men and need to nap in the RFC.

Plaintiff's argument with respect to her limitations in social functioning is without merit. This Court has consistently held that "[a] determination that Plaintiff should not have consistent contact with the general public accounts for . . . moderate social limitations." *Gibbons Thornton v. Colvin*, No. 14-CV-748S, 2016 WL 611041 at *4 (W.D.N.Y. Feb. 16, 2016) (quotation omitted) (collecting cases); *see also Reilly v. Colvin*, 2015 WL 6674955 at *3 (W.D.N.Y. Nov. 2, 2015) ("generally a limitation to only occasional or limited contact with others has been found sufficient to account for moderate limitations in social functioning") (quotation omitted). Here, the ALJ's RFC determination limited plaintiff to only occasional interaction with the public, thereby adequately accounting for her moderate limitations in social functioning. *See Wozniak v. Comm'r of Soc. Sec.*, 2015 WL 4038568, at *4 (W.D.N.Y. June 30, 2015) (conclusion that plaintiff had "moderate difficulties" in social functioning does not compel the inclusion of social functioning limitations in the RFC).

With respect to plaintiff's moderate limitations in concentration, persistence, and pace, the Court again finds that no inconsistency with the ALJ's factual findings. The Second Circuit has upheld an ALJ's determination that a plaintiff with "moderate difficulties" in concentration, persistence, or pace was capable of "following directions, performing simple and some complex tasks (with and without supervision), maintaining concentration, attending to a routine, dealing with stress (via medication), and

4

working with others." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014); *see also Wells v. Colvin*, 87 F. Supp. 3d 421, 435 (W.D.N.Y. 2015) (upholding ALJ's determination that individual with moderate difficulties in concentration, persistence, or pace retained the RFC to frequently understand, carry out, and remember moderately complex instructions).

Additionally, the Court notes that the RFC determination was supported by the evidence of record, which included statements by plaintiff that she got along "all right" with others and was able to attend and participate in a painting class, as well as the opinion of consultative psychologist K. Subrahmantan, Ph.D., that plaintiff "has no limitations in her ability to learn new tasks, perform complex tasks independently, make appropriate decisions, [and] adequately relate with others." T. 283.

Turning finally to the issue of plaintiff's credibility, the ALJ concluded that plaintiff's statements regarding the limiting effects of her symptoms were "generally credible." Plaintiff contends that this finding bound the ALJ to incorporate into his RFC determination limitations regarding plaintiff's ability to work with men and her need to nap during the day. The Court disagrees. An ALJ is permitted to find a plaintiff generally credible, but conclude that the reported symptoms are "not necessarily consistent with a finding of disability." *Sellie v. Astrue*,, 2009 WL 2882946, at *14 (N.D.N.Y. Sept. 4, 2009). Here, plaintiff testified that she would nap for two to three hours approximately three days per

5

week, depending on how well she had slept the previous night, and that she was "afraid to be around strange men." T. 42-43, 45. With respect to plaintiff's issues with strange men, the RFC determination limited her to occasional contact with the public in general. With respect to the issue of napping, plaintiff did not testify (and no medical evidence of record suggested) that she required to take such naps daily or that she needed to take them at a particular time. To the contrary, plaintiff testified that she was able to overcome her fatigue by drinking coffee. T. 40. The ALJ was not required, simply because he found plaintiff generally credible, to adopt wholesale the most restrictive possible version of her testimony. Instead, he properly considered her testimony in light of the medical evidence of record and made his RFC determination accordingly.

> **B. Assessment of the Veterans Administration's Disability Determination**

Plaintiff's second and final argument is that the ALJ committed legal error in his assessment of the Veterans Administration's ("VA") disability determination with respect to plaintiff. The Court disagrees.

"Disability decisions by other governmental agencies are not binding on the ALJ, but are entitled to some weight and should be considered." *Rivera v. Colvin*, 592 F. App'x 32, 33 (2d Cir. 2015) (quotation omitted); *see also Machia v. Astrue*, 670 F. Supp. 2d 326, 336 (D. Vt. 2009) ("The point of the Second Circuit's admonition to accord VA determinations 'some weight' is that in addition to the oral testimony and medical evidence, VA rating

6

decisions are another item to be placed on the evidentiary scale.").

Here, the VA determined that plaintiff had a 70% service-connected disability. T. 165. The VA further determined that plaintiff was "unemployable." *Id*. The ALJ took note of the VA's assessment, but explained that the evidence of record did not include any medical source statements consistent with a finding of disability under the Act. The Court therefore cannot conclude that the ALJ failed to consider the VA's disability determination and "it cannot be said that the ALJ's decision not to afford [it] more weight is an error." *Rivera*, 592 F. App'x at 33; *see also Laubacker v. Colvin*, 2017 WL 1352145 at *2 (W.D.N.Y. Apr. 12, 2017) ("the ALJ was not obligated to accept the VA's assessment of plaintiff's level of disability").

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 5) is denied and the Commissioner's motion (Docket No. 7) is granted. Accordingly, the complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

                                              s/Michael A. Telesca
                                              HON. MICHAEL A. TELESCA
                                              United States District Judge

Dated:    June 16, 2017
           Rochester, New York.